UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSS SMITH, pro se,<br><br>        Plaintiff,<br><br>        v.<br><br>TRUSTED UNIVERSAL STANDARDS IN ELECTRONIC TRANSACTIONS, INC. (d/b/a TRUSTe, Inc.); MICROSOFT, INC.; CISCO SYSTEMS, INC.; and COMCAST CABLE COMMUNICATIONS, LLC<br><br>        Defendant. | **Civil Action No. 1:09-cv-4567**<br><br>**Document Electronically Filed**<br><br>**Return Date:**<br><br>**January 4, 2010** |

**DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REDACT/SEAL**

                                                    STRYKER, TAMS & DILL LLP (HF 9389)
                                                    Two Penn Plaza East
                                                    Newark, New Jersey 07105
                                                    (973) 491-9500
                                                    Attorneys for Defendant
                                                              Comcast Cable Communications, LLC

## **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ............................................................................................... 1

BACKGROUND AND PRELIMINARY STATEMENT ..................................... 2

ARGUMENT ........................................................................................................ 3
    PLAINTIFF HAS FAILED TO ESTABLISH
    A BASIS FOR THE RELIEF SOUGHT........................................................ 3
        As to the Civil Cover Sheet................................................................. 3
        As to the Transcript References ......................................................... 5

CONCLUSION ..................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Rules**

*Federal Rule of Civil Procedure 12(b)(6)* ................................................................ 1

*Local Civil Rule 5.3* ........................................................................................... 5,6

# **INTRODUCTION**

Defendant Comcast Cable Communications, LLC (herein "Comcast") is one of four defendants in this removed action commenced by plaintiff, Russ Smith, *pro se* (herein sometimes "Smith") in State Court.  The other defendants are True Ultimate Standards Everywhere, Inc. (d/b/a TRUSTe, Inc.), Microsoft Inc., and Cisco Systems, Inc..  Each of the defendants has moved for dismissal of the complaint pursuant to *Fed.R.Civ.P.* 12(b)(6) and said motions are pending.  Also pending are two separate motions filed by Smith seeking (a) partial remand to the state court and (b) leave to file an amended complaint.

Smith now has filed another motion seeking to "redact" or seal certain parts of the record.  The motion, in his words, seeks relief as to: "Plaintiff's Comcast cable account information from the October 15, 2009 transcript and Item 1, Attachment 1 of this case docket." (document 50)

## **BACKGROUND AND PRELIMINARY STATEMENT**

Comcast is an internet service provider ("ISP"), and all of plaintiff's claims in this action derive (a) from his being a subscriber to Comcast's internet service and (b) from actions allegedly taken by Comcast and the other defendants in relation to or arising from plaintiff's use/misuse of his internet service.

To focus only on the current motion, Smith essentially urges that certain private information has been disclosed by Comcast in this record, allegedly to "warn Plaintiff … that filing a privacy complaint … will result in even more disclosures of personal information". (Plaintiff's brief, pg. 2). Comcast denies and disputes any impropriety.

Smith's brief identifies two categories of items he seeks stricken from public view, although he is less than clear in their identification. The first is a single page (or more accurately a notation on a page) setting forth plaintiff's home address that had been handwritten on the copy of plaintiff's civil cover sheet (hereafter "Civil Cover Sheet") that accompanied the state court summons and complaint served on defendant Comcast. That document was included in the attachments to the Removal petition filed by Comcast on September 4, 2009 (document 1). Although the document referenced by Smith is described by him in the motion only as "item 1, Attachment 1" (without any further means to identify it), Comcast is aware that

Smith refers to the Civil Cover Sheet as above described which is page 2 in document 1-2.

The second category which is the subject of plaintiff's motion consists of three short sentences of limited comment from the transcript of the Rule 16 Conference in this case before Judge Karen Williams on October 15, 2009. The exact pages and lines can only be identified by reference to the proposed order Smith submitted (document 50-2), since the identification appears nowhere else. The proposed order identifies by page and line three sentences, one of which is Smith's own comments (at page 20) and two of which were comments by Comcast's counsel (at page 11). Smith's proposed order thus seeks to seal the Civil Cover Sheet and to redact the designated sentences from the transcript.

## ARGUMENT

## POINT I

## PLAINTIFF HAS FAILED TO ESTABLISH A BASIS FOR THE RELIEF SOUGHT

<u>As to the Civil Cover Sheet</u>

Comcast respects Smith's privacy as well as the privacy of all other Comcast subscribers, but Smith's home address is the location where he receives the internet service that is the subject of his complaint; and it is an address at which Comcast sought to effect service on plaintiff of defendants' Notice of Removal and its attachments (document 1 and document 1-2).  That Notice of Removal was mailed by certified mail to said home address in order to assure that service would be received and properly effected on Smith.  Such use of plaintiff's address was a proper exercise of litigation protocol.  Comcast, through its counsel, filed proof of such service as part of the Notice of Removal document, and such proof reflected that a mailing to said address was made by certified mail.  Filing proof of service is a requirement under applicable rules.  While there are other valid bases for the tangential disclosure of Smith's address in this litigation that he commenced, no need exists to expand upon them in light of Comcast's position as to this part of plaintiff's motion.

Comcast has no objection to this Court's exercising its discretion to seal the Civil Cover Sheet from public view.  In short, Comcast interposes no opposition,

4

irrespective of merit, as to so much of plaintiff's motion as relates to the Civil Cover Sheet. If plaintiff wishes to have his home address barred from public view on the Civil Cover Sheet appearing in the Notice of Removal, Comcast does not object.

<u>As to the Transcript References</u>

As for the transcript references, however, Smith's bases for his request to redact is unclear, and certainly no valid basis has been set forth. To the extent Smith discusses the issue (plaintiff's brief, page 12), he simply says that Comcast "disclosed more of plaintiff's account information" in the two comments made to the Court at the Rule 16 conference on October 15, 2009. (Smith also seeks to redact his own comments, although he offers no basis whatsoever in his brief for this request). The fact is there is no more information about plaintiff's account set forth in the identified passages than is set forth in Smith's complaint, and nothing in the referenced few lines of the transcript reveals any information that is personally identifiable.

This Court's Local Civil Rules at *L.Civ.R.* 5.3 contain a protocol that is to be followed if a party wishes to seal or restrict from public access any part of the record. Plaintiff's request to redact is a request to restrict from public access, but Smith has not followed or complied with that procedure in any respect. Since the vague and generalized statements appearing in his brief do not provide any basis to

support the relief requested, his motion must be denied.  It would appear necessary that he comply with the protocol of the Local Rules if he wishes to try to advance any compelling reasons to preclude public viewing of the transcript passages.

Apart from his conclusory (albeit inaccurate) bald argument and statement that counsel "disclosed more of plaintiff's account information," no basis is set forth to support that statement or the relief he seeks.  There is no reason to preclude from public view the Rule 16 Conference statement made by him at page 20 nor the statement by Comcast's counsel at page 11.  None of the referenced statements contains any private or confidential material or any information about his account that is not essentially found in his complaint.

The complaint filed by Smith makes many references to his account.  *Inter alia*, he recites that his outbound emails were blocked by reason of alleged spam generated from his email account. (Complaint, pg. 10; document 1-2, pg. 12)  The passages of the transcript (both his comments as well as those by Comcast's counsel) do little more than recite the same facts in somewhat different words or context.

Absent a clear argument articulating the factual and legal bases for the requested relief, as required by *L.Civ.R.* 5.3, Comcast opposes so much of plaintiff's motion as seeks to "redact" from public access the three identified sentences appearing in the transcript of the Rule 16 Conference.

6

## **CONCLUSION**

For the foregoing reasons, it is respectfully urged that the motion seeking redaction of the transcript be denied.

                                      Respectfully submitted,

                                      STRYKER, TAMS & DILL LLP
                                      Attorneys for Defendant
                                      Comcast Cable Communications, LLC

                                      By:        */s/ Harold Friedman*

Dated:  December 18, 2009

7